UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIA BOWLES,

        Petitioner,                    Case Number: 20-11066
                                                Honorable Linda V. Parker

v.

JEREMY HOWARD,[1]

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Felicia Maria Bowles has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her plea-based second-degree murder conviction, *see* Mich. Comp. Laws § 750.317. She maintains that the trial court erred in failing to determine her competence to enter a guilty plea and that her incompetency denied her the right to meaningful allocution at sentencing. The Court finds no basis for habeas corpus relief and denies the petition. The Court

---

[1] The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. Bowles is housed at the Huron Valley Correctional Facility. The warden of that facility is Jeremy Howard. The Court orders the case caption amended to substitute Jeremy Howard as the respondent.

also denies a certificate of appealability and grants Bowles leave to proceed *in forma pauperis* on appeal.

## I.     Background

On July 18, 2018, Bowles pleaded guilty in the Circuit Court for Wayne County to second-degree murder with a sentence agreement of 15 to 25 years. Bowles admitted that, on January 29, 2018, she and several other people placed Angela Neilson into the trunk of a car. Bowles knew that someone had purchased gasoline and directed the vehicle's driver to a hidden location. Bowles was present when the car was set on fire with Neilson still in the trunk. Neilson died from her injuries. (*See* ECF No. 7-7, PageID.117-121.) On August 7, 2018, Bowles was sentenced in accordance with the plea agreement to 15 to 25 years.

Bowles filed an application for leave to appeal in the Michigan Court of Appeals raising the same claims raised in this petition. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Bowles*, No. 346620 (Mich. Ct. App. Jan. 9, 2019). The Michigan Supreme Court also denied leave to appeal. *People v. Bowles*, 503 Mich. 1021 (Mich. Apr. 30, 2019).

Bowles then filed this habeas corpus petition. She seeks relief on these claims:

> I. Whether the trial court had an obligation to determine whether Bowles was competent at the time of sentencing.

> II.  Whether Bowles was denied the right to meaningful allocution due to lack of competency.

Respondent filed an answer in opposition arguing that Bowles' claims are meritless.  (ECF No. 6.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs

when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id.* Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Bowles argues that the trial court failed to determine her competency prior to accepting her guilty plea or prior to sentencing. She maintains that this rendered her plea involuntary and violated her right to meaningful allocution.

4

Bowles raised these claims in state court on direct review. The Michigan Court of Appeals denied leave to appeal for "for lack of merit in the grounds presented." *People v. Bowles*, No. 346620 (Mich. Ct. App. Jan. 9, 2019). This type of summary order is presumed to be an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Bowles offers no basis for rebutting that presumption and the Court finds none. The Court applies AEDPA's deferential standard of review to the state court's decision.

Under the Fourteenth Amendment's Due Process Clause, a criminal defendant may not be tried unless she is competent. *Medina v. California*, 505 U.S. 437, 439 (1992). A criminal defendant also may not plead guilty if she is incompetent. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). The standard governing competence to stand trial and to plead guilty is: (1) did the defendant have "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding", and (2) did the defendant have "a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *Godinez*, 509 U.S. at 398. Where there is a "bona fide doubt" as to a defendant's competence to stand trial or to plead guilty, a court has a duty to hold a sua sponte competency hearing. *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). Bowles fails to show that she was incompetent to enter a

5

plea or for sentencing or that the trial court was obligated to hold a competency hearing.

There are no "fixed or immutable signs which invariably indicate" the need for a competency determination. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). "[E]vidence of a defendant's irrational behavior, [her] demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required," and "one of these factors standing alone may, in some circumstances, be sufficient." *Id.* If, at any point, "before or during trial 'sufficient doubt' arises about a defendant's competence – 'the capacity to understand the nature and object of the proceedings against [her], to consult with counsel, and to assist in preparing [her] defense' – the trial court should order a competency hearing." *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (*quoting Drope*, 420 U.S. at 180 (1975).

In this case, defense counsel requested a competency evaluation during a calendar conference on April 9, 2018, based on Bowles' "psychiatric history" which may "have played … a role in …this case." (ECF No. 10-5, PageID.272.) The trial court granted the motion. (*Id.*) On July 11, 2018, defense counsel withdrew the request for a competency determination because Bowles was taking medication while at the Wayne County Jail and was "doing really well." (ECF No. 10-6, PageID.277.) Bowles argues that, despite counsel's representations, the trial

court should have sua sponte ordered a competency evaluation because she was diagnosed with bipolar disorder in 2010, was not taking medication until being prescribed medication through the jail, and defense counsel was unqualified to "speak from a professional medical stance." (S*ee* ECF No. 1, PageID.5.)

Bowles does not claim that her diagnosis rendered her unable to understand the guilty plea process or the consequences of her plea. In *United States v. Alfadhili*, 762 F. App'x 264, 267 (6th Cir. 2019), the Sixth Circuit Court of Appeals held that a defendant's mental illness, while relevant, did not by itself require further inquiry into competency. The defendant in *Alfadhili*, claimed that the trial court erred in failing to sua sponte order a competency hearing when he informed the court at the plea hearing that he had been diagnosed with bipolar disorder, PTSD, and depression. The Court of Appeals found no error because the defendant did not explain "how these ailments affected his ability to consult with counsel, assist in his own defense, or understand the proceedings against him, nor does the record reveal any such issues." *Id.* at 268.

In *United States v. Hutchinson*, 831 F. App'x 195 (2020), the defendant challenged the validity of his guilty plea on the ground that the district court erred by failing to sua sponte hold a competency hearing. The Sixth Circuit Court of Appeals found no merit to the claim because there was no evidence that the defendant's mental illness interfered with his ability to understand the proceedings. The Court of Appeals explained that "[t]o trigger the court's duty to hold a competency hearing sua sponte, the

7

defendant must tie his ailments to a "deep[ ] breakdown' in cognition." *Id.* at 198 (internal quotation omitted). Absent such a connection, the court did not err in failing to conduct a competency hearing. *Id.*

Other than her previously diagnosed mental illness, Bowles points to no objective indications she was incompetent to enter a plea and a review of the record reveals none. Her responses at the plea hearing were coherent and reflected an understanding of the proceedings. She offers no evidence to show that any mental health condition or treatment affected her ability to sufficiently comprehend and participate in her criminal proceedings. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003).

Further, although not a physician, a defense attorney is in a unique position to evaluate a defendant's ability to consult with her attorney and to understand the proceedings. Here, counsel determined that the treatment provided to Bowles rendered a competency evaluation unnecessary. A court may rely on an attorney's perceptions of a defendant's abilities to participate in her own defense. *See United States v. Gignac*, 301 F. App'x 471, 475 (6th Cir. 2008) (finding defense counsel's silence on the issue of competency at the time of a plea is significant evidence that there was no bona fide doubt about a defendant's competency at the time of the plea); *United States v. Morgano*, 39 F.3d 1358, 1374 (7th Cir. 1994) ("Who but the

defendant's attorney knows best if the accused is able to assist in his own defense?").

In sum, Bowles does not claim that she was unable to assist in her own defense, consult with her lawyer, or understand the proceedings. She provides only her diagnosis of bipolar disorder as support for her claim. Without more, this fails to raise a bona fide doubt about her competency. The Michigan Court of Appeals' denial of this claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

Bowles' claim that she was denied the right to meaningful allocution because of her incompetence is not cognizable on federal habeas review. "[F]ederal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (*quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Supreme Court has held that a trial court's failure to ask a defendant whether she "has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." *Hill v. United States*, 368 U.S. 424, 428 (1962). Because there is no constitutional right to allocution, Bowles may not obtain relief on this claim. *See Golf v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010) (holding there is no right to allocution under the federal constitution); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (same).

9

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

The Court finds that jurists of reason could not debate the conclusion that Bowles has failed to demonstrate an entitlement to habeas relief. A certificate of appealability is denied.

The Court grants Bowles leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed in forma pauperis on appeal if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3).

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: August 29, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 29, 2023, by electronic and/or U.S. First Class mail.

                                          s/Aaron Flanigan
                                          Case Manager